**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIANNE PRETSCHER-JOHNSON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> AURORA BANK FSB, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 5:12-cv-05817-PSG <br><br> **ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **(Re: Docket No. 18)** |

Plaintiff Marianne Pretscher-Johnson's second amended complaint alleges this court has diversity jurisdiction over her claims case pursuant to 28 U.S.C. § 1332.[1] The complaint itself, however, reflects this is not so.[2] In addition, a review of Pretscher-Johnson's complaint provides no alternative basis for subject matter jurisdiction.[3]

"In order for this court to have subject matter jurisdiction over" the "cause of action, Plaintiff would have to either: 1) also allege a federal cause of action; or 2) show diversity of

---

[1] *See* Docket No. 18 at 1.

[2] Although no defendant has sought dismissal of this case for want of subject matter jurisdiction, the court addresses the issue sua sponte. *See Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question sua sponte); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

[3] *See id.*

1

citizenship between" her and all defendants.[4]  Pretscher-Johnson does neither.  Her claims for quiet title[5] and fraud[6] arise under state law.  Her complaint also concedes that (1) she is a resident of California[7] and (2) two defendants, Quality Loan Service Corp. and SCME Mortgage Bankers Inc., are "headquartered" in the state of California.[8]  Because a corporation's "principal place of

---

[4] *Lowery v. City of Santa Clara*, Case No. 5:09-cv-00229-PVT, 2009 WL 975455, at *3 (N.D. Cal. Apr. 10, 2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006))

> There are two possible bases for subject-matter jurisdiction, which are contained in 28 U.S.C. sections 1331 and 1332.  Section 1331 provides for "[f]ederal-question" jurisdiction, while Section 1332 provides for "[d]iversity of citizenship" jurisdiction.  A plaintiff properly invokes Section 1331 jurisdiction when he pleads a claim "arising under" the Constitution or laws of the United States.  *See Arbaugh*, 546 U.S. at 513.  A plaintiff can invoke Section 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *Id.*

[5] *See Dennis v. Wachovia Bank, FSB*, Case No. 4:10-01596 CW, 2011 WL 181373, at *6 (N.D. Cal. Jan. 19, 2011) ("To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title.") (citing Cal. Code of Civ. P. § 761.020).

[6] *See Powell v. Residential Mortgage Capital*, Case No. 5:09-cv-04928-JF-PVT, 2010 WL 2133011, at *7 (N.D. Cal. May 24, 2010) ("Although his fraud claim arises under state law, Plaintiff's allegations are subject to the pleading requirements of the Federal Rules.  Accordingly, the claim is subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b).").

[7] Docket No. 18 at 1 ("Plaintiff, Marianne Pretscher-Johnson is a resident of the California and has law title and possession of the following described property (hereafter, 'PROPERTY') which is located at 2510 Phoebe Lane, Aptos CA" 95003.).

[8] Docket No. 18 at 3

> Defendants are:
>
>   1) Aurora Bank FSB, is a corporation that operates in California, but is headquartered in the state of Colorado,
>
>   2) Aurora Loan Services, is a corporation that operates in the state of California, but is headquartered in the state of Colorado,
>
>   3) Nationstar Mortgage, is a limited liability corporation that operates in the state of California, but is headquartered in the state of Texas,
>
>   4) Quality Loan Service Corp., is a corporation that operates and is headquartered in the state of California,
>
>   5) SCME Mortgage Bankers Inc., is a corporation that operates and is headquartered in the state of California,
>
>   6) Homecoming Financial Network LLC, is a limited liability corporation that operates in the state of California, but is headquartered in Minnesota,
>
>   7) Mortgage Electronic Registration System, "MERS", is a privately held company that operates in the state of California, but is headquartered in the state of Virginia,

**United States District Court**
For the Northern District of California

business" normally constitutes "the place where the corporation maintains its headquarters," and citizenship includes the corporation's principal place of business, the parties are not diverse.[9] Subject matter jurisdiction therefore is absent.

Because SCME Mortgage Bankers Inc and Homecoming Financial Network, Inc. have been served,[10] but have not yet appeared and consented to magistrate jurisdiction, the court lacks jurisdiction.[11]  The court therefore ORDERS that the case be reassigned to a district judge with the recommendation that the case be DISMISSED for lack of subject matter jurisdiction.[12]

---

8) Does 1 through 20 are other employees or associates of the above Defendants who fraudulently attempted to deprive the Plaintiff of her real property located at 2510 Phoebe Lane, Aptos CA 95003.

[9] *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*See also* 28 U.S.C. § 1332 (a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business")

[10] *See* Docket No. 18 at 8.

[11] *Cf. Henry v. Tri-Servs., Inc.*, 33 F.3d 931, 933 (8th Cir. 1994) (holding that where a party has "not yet entered an appearance" or otherwise consented, a magistrate judge may not enter a final judgment even if "the remaining parties agreed to have final judgment determined by a magistrate" judge); *Abdollahi v. Washington Mut., FA*, Case No. 5:09-cv-00743-HRL, 2009 WL 1689656, n.2 (N.D. Cal. June 15, 2009) ("Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned.  Those defendants who have not been served are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction."); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants.  However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.  Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter.").

[12] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings.  *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548,

IT IS SO ORDERED.

Dated: April 3, 2014

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).